UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


United States of America

    v.                                              Case No. 05-cr-205-01-JD

Christopher Madison


**O R D E R**

Defendant moves to reduce his sentence based upon the recent amendments to the Federal Sentencing Guidelines regarding cocaine base ("crack cocaine") offenses (document no. 15).  For the reasons stated below, the motion to reduce sentence is DENIED.

On May 1, 2007, the United States Sentencing Commission (the "Commission") submitted to Congress an amendment to the Federal Sentencing Guidelines that lowers the guideline sentencing range for certain categories of offenses involving crack cocaine. Specifically, the amendment adjusts downward by two levels the base offense level assigned to each threshold quantity of crack cocaine listed in the Drug Quantity Table in §2D1.1 and provides a mechanism for determining the guideline range for offenses involving crack cocaine and other controlled substances.  This amendment took effect November 1, 2007.

Pursuant to 28 U.S.C. § 994(u), the Commission also determined that this guideline amendment would be applied retroactively to offenders who were sentenced under prior versions of the Guidelines Manual and who are incarcerated. The Commission set the effective date for the retroactive application of this amendment to be March 3, 2008, at which time reductions in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of the crack cocaine amendment will be authorized.

After having reviewed the offense for which the defendant was convicted in this district and upon which he is presently incarcerated, it is determined that defendant is not eligible to seek a reduced sentence under this amendment. The defendant pled guilty to to a one count Indictment charging him with Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). The presentence report (using the November 1, 2004 edition of the Guidelines Manual) determined the defendant was responsible for 317.4 grams of cocaine base, which resulted in a base offense level of 34. After applying a three level reduction for acceptance of responsibility, the defendant's total offense level was determined to be 31. The defendant's criminal history was determined to be I and his advisory guideline range to be 108 to 135 months. However, because the

minimum mandatory statutory penalty in this case was ten years pursuant to USSG §5G1.1(c)(2), the defendant's guideline range became 120 to 135 months.

At the sentencing hearing the court adopted the facts and findings in the presentence report without objection from counsel.  The Court sentenced the defendant to 120 months imprisonment with a recommendation for the Bureau of Prisons drug treatment program and 5 years of supervised release.

The amended guideline range is determined by substituting only the retroactive crack cocaine amendment to the guidelines as applied at the original sentencing and all other guideline application decisions for the original sentencing remain unaffected.  After applying the retroactive application of the crack cocaine amendment, the defendant receives a two level reduction in his base offense level from level 34 to level 32 and his total offense level is reduced from level 31 to level 29. While the defendant's resulting advisory guideline range would become 87 to 108 months, pursuant to USSG §5G1.1(c)(2) the guideline range becomes 120 months because of the ten year minimum mandatory penalty in this case. Pursuant to USSG §5G1.1(b), in those cases in which a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the

guideline sentence.  As a result, the statutory mandatory minimum penalty controls the sentencing in this case because there was no government USSG §5K1.1 motion, nor was the defendant deemed eligible for the safety valve reduction.  Pursuant to USSG §1B1.10(a)(2)(B), the amendment does not have the effect of lowering the defendant's applicable guideline range.

Therefore, for the foregoing reasons, defendant's motion to reduce sentence (document no. 15) is DENIED.

**SO ORDERED.**

Date:  April 28, 2008                /s/ Joseph A. DiClerico, Jr.
                                     Joseph A. DiClerico, Jr.
                                     United States District Judge


cc:  Christopher Madison, pro se
     Counsel of Record